## HOLMES & SALMON v. COOPER.

JUDGMENTS IN ATTACHMENTS.—*Liability of Securities.*—Under the act of *March 17th (Acts of* 1866–7) the liability of the securities, in an attachment bond, can only be for the amount of the appraised value of the property attached, and in case the verdict or damages found should be for an amount greater than the appraised value of the property, the court should render judgment against the principal and securities for the amount of the appraised value of the property, and against the principal for the balance.

APPEAL FROM PHILLIPS CIRCUIT COURT.

Hon. M. L. STEPHENSON, *Circuit Judge.*

*Palmer & Sanders,* for Appellants.

The only evidence, before the court, of the property seized by the sheriff, is his return. It is the *record* evidence of the fact, not to be contradicted. *Rose vs. Ford,* 2 *Ark.,* 26; *Dawson vs. State Bank,* 3 *Ark.,* 505; *Stewart vs. Houston,* 25 *Ark.,* 311; *Tucker vs. Bond,* 23 *Ark.,* 268; *Ayres vs. Dupuy,* 27 *Tex.,* 593; *Carr vs. Commercial Bank,* 16 *Wis.,* 50.

Estoppels are odious in law. 1 *Serg. and Rawle,* 444. They are not admitted in equity against the truth. The insertion of the recital in the bond of "1 Gin Stand $200 00," is clearly a mistake of the draftsman, as the whole record shows.

The transcript also shows another error, which is cause for reversal. The affidavit sets out the debt due, at seven hundred and fifty dollars. This verdict and judgment is for eight hundred dollars. This cannot be allowed. The sum sworn to, will be taken as the true sum due. *Heard vs. Lowry,* 5 *Ark.,* 522.

*A. H. Garland,* for Appellee.

A motion for new trial was made and overruled, but there is not an exception saved as to law or evidence, and nothing is presented for this court to review at all. *Rose Dig., p.* 559, *Sec.* 45. New Trial.

If any point is made on the judgment being rendered

against the sureties, it is null and distinctly met by this court in *Ward vs. Carlton*, 26 *Ark.*, 662. *See act of* 1867, *March* 7. *Acts of* 1866–7, *p.* 294, *et seq*.

HON. W. I. WARWICK, *Special Judge.*—This is an action of covenant, commenced by attachment, under the act of *March* 17, *Acts of* 1866–7, and was commenced at the May term, 1868, of the Phillips Circuit Court. ·The attachment was levied upon certain property, and the property was appraised, as required by the act, at $750 00. Defendant to the suit, William A. Salmon, entered into bond, with L. H. Mangum and John D. Parish as securities, and the property was returned to him; all of which is made to appear by the return of the sheriff on the writ of attachment. The bond for the return of the property is in the sum of $1,500 00, being double the amount of the appraised value of the property levied upon, as appears from the sheriff's return, but in the recitals of the bond, among other property, is mentioned, "1 Gin Stand $200," as having been levied upon by the sheriff, which·does not appear on the sheriff's return as having been levied upon, nor is it on the list, made out by the appraisers, accompanying the sheriff's return. The defendant filed a special plea, and, on trial of the cause, on the 1st day of July, 1871, the jury returned a verdict in favor of Cooper, for $800 00. Cooper, in his declaration, lays his damage at $1000, and in the affidavit for writ of attachment, made on the 3d of February, 1868, avers the defendant was indebted to him in the sum of $750 00. The court gave judgment on the verdict of the jury, for $800 damages, with a provision in the judgment, that if the same be made out of the securities, Mangum and Parish, they might satisfy the same by the payment of $750, as the appraised value of the property seized by the officer, in case the judgment and costs should exceed that amount.

Defendants filed a motion for a new trial, assigning five causes, which was overruled by the court; the first four of which cannot be reviewed by this court, inasmuch as the re-

cord does not show any of the evidence produced on the trial, or the instructions of the court. The fifth cause assigned is, "Because the judgment rendered on said verdict is unwarranted by law."

It is urged that the judgment against the defendant Salmon is excessive, for that the *affidavit* for attachment sets out the debt due at $750, which, it is insisted, must be taken as the true sum due. There appears, on the transcript, an entry of remittitur by Cooper of $50, in vacation. This being no part of the *record*, in this case, cannot be considered. The affidavit was made on the 3d day of February, 1868; the verdict of the jury and the judgment of the court on the 1st of July, 1871. The jury might well add interest to the amount due Cooper on the 3d day of February, 1868, and as the judgment does not exceed the amount stated in the affidavit in a sum greater than the legal interest, we find no error.

The Statute (acts of 1866–67, page 296, Sec. 5) under which the bond for the return of the attached property was given, is as follows:

"Whenever, hereafter, the defendant in any attachment suit shall give bond, whereby the attachment shall be dissolved, as now provided by law, and on the trial of such suit, judgment shall be given against such defendant, judgment shall also be entered against the securities in such bond, jointly with the principal, for the amount recovered of said defendant; *Provided*, that no greater amount shall be recovered of the said securities, than the appraised value of the property seized by the officer."

The liability of these securities is fixed by this statute, and not by any subsequent law, and could only be for the amount of the appraised value of the property. It is a general rule of law, applicable to this case, that the return of an officer is conclusive on all parties to the suit. In this case, the sheriff returns that he levied upon certain property; the list made by the appraiser describes the same property, and the aggregate value fixed at $750. No mention is made of the gin

stand, and we can but conclude that its recital in the bond is a clerical error. If actually levied upon, it might have been made to appear by amended return of the sheriff.

The judgment against Mangum and Parish, being for more than the appraised value of the property, is erroneous. The judgment of the court below is reversed, and the cause remanded, with instructions to the Circuit Court of Phillips county, upon the finding of the jury herein, to render judgment against the defendants, Salmon, Mangum and Parish, for seven hundred and fifty dollars, part of the plaintiff's damages so assessed, and against defendant, Salmon, for the further sum of fifty dollars, the balance of his damages so assessed, and his (appellee's) costs expended in the court below.